908 F.2d 974
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daryl FULLUM, Defendant-Appellant.
 No. 89-3965.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1990.
 
 Before KRUPANSKY and ALAN E. NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Daryl Fullum, has appealed the sentence he received pursuant to his plea of guilty to a one-count information charging him with the distribution of a quantity of crack cocaine. On October 20, 1989, the district court sentenced appellant to five years in prison, to be followed by a five-year term of supervised release. Notice of this appeal was timely filed.
 
 
 2
 Appellant was arrested and appeared in district court on July 7, 1989, to answer to a one-count information that was handed up on the same date and which charged appellant with having intentionally distributed crack cocaine on April 20, 1988.[1] The presentence report revealed that appellant had sold crack cocaine on more than just the one occasion referred to in the information, and had, in fact, been a member of a Wheeling, West Virginia crack distribution ring. Although the amount of cocaine implicated in the information was 0.38 grams, or two "hits," worth around $50, the presentence report recommended that appellant's guidelines sentence be calculated by reference to an offense level of 16, with a criminal history category of II, and not reduced for accepting responsibility, resulting in an applicable range of from 24 to 30 months.
 
 
 3
 Appellant filed objections to the presentence report, contending that his past dealings in the cocaine business were irrelevant to his sentencing in this case, because the information charged him only with one isolated incident.
 
 
 4
 At the sentencing hearing on October 20, 1989, Agent Burgoyne of the FBI testified that he had been involved in the federal prosecution of several crack dealers in the Wheeling area during which period he had interviewed several suspected dealers, including one Antonio Reed who implicated appellant in a cocaine distribution ring. According to Burgoyne, Reed had stated that appellant and he were friends, had been members of the same ring, and had had similar status within the organization. Burgoyne stated that Reed's information was later corroborated by one Tina Sanders, girlfriend to one of the other organization members. Burgoyne testified that Reed stated that the organization's retailers sold approximately $2,000 worth of cocaine a week, and were paid a 10% commission. Through Burgoyne, the government introduced into evidence a photograph of three men, one of whom was appellant, in the presence of a large amount of cash. Burgoyne testified that Reed was a particularly trustworthy informant.
 
 
 5
 Lieutenant Wright, an officer of the Wheeling police department testified that a local investigation commenced in late 1987, targeting a suspected crack distribution ring with roots in Columbus, Ohio which included the brothers Douglas Sanders and Wayne Sanders as well as Antonio Reed, Gary Taylor and Daryl Fullum (appellant). Wright further testified that on April 20, 1988, in conjunction with this investigation, an informant purchased two hits of crack from appellant, the focus of the instant action. Wright testified that the organization was busted and the arrested conspirators, when interrogated, identified appellant, who had since fled back to Ohio, as a member of the organization. The reputed kingpin of the organization, one Doug Sanders, told investigators that appellant was "one of [his] boys."
 
 
 6
 Appellant testified in his own behalf at the sentencing hearing that he had sold crack only on this one occasion--April 20, 1988--so that he could raise $50 for a bus ride from Wheeling to Columbus. He admitted that he had been in Wheeling, but claimed that the sole purpose of his trip there was to visit a girlfriend.
 
 
 7
 The district court found that there was sufficient evidence to establish appellant's connection with other crack sales. The court found also that appellant's testimony was not credible and was demonstrative of appellant's unwillingness to accept responsibility for his actions.
 
 
 8
 Upon review of appellant's assignments of error, the record in its entirety, and the briefs of the parties, this court concludes that the district court correctly resolved the issues in this case. See United States v. Robinson, 898 F.2d 1111, 1115 (6th Cir.1990); United States v. Silverman, 889 F.2d 1531, 1538 (6th Cir.1989); United States v. Lucas, 889 F.2d 697, 700 (6th Cir.1989).
 
 
 9
 Accordingly, the sentence imposed by the district court in its judgment of October 24, 1989 is AFFIRMED for the reasons stated in the court's bench opinion issued on October 20, 1989.
 
 
 
 [1]
 Pursuant to Fed.R.Crim.P. 20, appellant opted to enter his plea of guilty to the information in the Southern District of Ohio, thereby waiving any objection to improper venue. No plea agreement was entered